Alan M. Anzarouth
Attorney at Law
3111 Camino Del Rio North, Suite 1325
San Diego, CA 92108
    Tel. (619) 398-9390
    CA State Bar No. 84888

Attorney for Plaintiff



FILED

08 FEB 21 PM 4:25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 344 JAH NLS

| | |
|---|---|
| Alexandre Znatchkowsky,<br>  DHS File No. A14 796 076,<br>    Plaintiff,<br>      vs.<br>Paul Pierre, District Director,<br>  U.S. Citizenship and Immigration Services<br>Michael Chertoff, U.S. Secretary of<br>  Homeland Security, and<br>Michael Mukasey, U.S. Attorney General,<br>  Defendants. | Civil No:<br><br>**COMPLAINT AND APPLICATION FOR HEARING RE FAILURE TO ADJUDICATE NATURALIZATION APPLICATION WITHIN 120 DAYS AFTER EXAMINATION** |

Plaintiff, by his attorney, complaining of the Defendants, allege as follows:

1. Plaintiff Alexandre Znatchkowsky is a native of Chile and citizen of France, and has been a lawful permanent resident of the United States since May 7, 1966. Plaintiff resides within the jurisdiction of this Court.

2. Paul Pierre is the District Director of the U.S. Citizenship and Immigration Services (CIS), an agency of the United States Government, in San Diego, California. This Defendant is sued herein in his official capacity. He is responsible for the processing of applications for naturalization for applicants who reside within San Diego County, State of California, under 8 USC 1421, et. seq., and 8 CFR 310, et. seq.

3. Michael Mukasey is the U.S. Attorney General, an agency of the United States Government, in Washington, D.C. This Defendant is sued herein in his official capacity. He is responsible for the processing of security clearance checks conducted by the Federal Bureau of

1  Investigation (FBI), which the CIS maintains must be completed before it can approve any
2  application for naturalization, under 8 USC 1421, et. seq., and 8 CFR 310, et. seq.
3      4.  Michael Chertoff is the Secretary of Homeland Security, an agency of the U.S.
4  Government, in Washington, D.C. This Defendant is sued herein in his official capacity. He is
5  responsible for overseeing the operations of the CIS, pursuant to 8 USC 1421, et. seq., and 8 CFR
6  310, et. seq.
7      5.  The Court has jurisdiction of this action pursuant to 8 USC 1447(b), 28 USC 1331,
8  28 USC 1361, 28 USC 1651, 5 USC 701, et. seq., and 28 USC 2201, et. seq..
9
10     6.  On September 6, 2006, Plaintiff filed a Form N-400 application for naturalization
11 with the CIS. On September 27, 2006, Plaintiff provided his biometric fingerprints to the CIS. On
12 January 4, 2006, a CIS district adjudications officer (DAO) examined the Plaintiff on his
13 naturalization application. Plaintiff asserts that he provided true, accurate, and complete
14 information on the application form that he filed with the CIS, as later modified by the DAO at the
15 naturalization examination. He further maintains that he answered truthfully all questions posed to
16 him by the DAO at the examination. Plaintiff passed the tests of English and U.S. history and
17 government. In addition, he satisfied all physical presence, residence and good moral character
18 provisions of the U.S. naturalization laws. He swore that during the five-year period prior to the
19 filing of the application and continuing to the date of examination, he had not been arrested or
20 convicted of any crime, and had not violated any U.S. immigration law. He expressed his desire to
21 take an oath of allegiance to the U.S. government, affirmed his belief in the Constitution, and
22 evidenced a willingness to bear arms on behalf of the United States. At the conclusion of the
23 examination, the DAO provided Plaintiff with a Form N-652 Naturalization Interview Results,
24 which states that, "You passed the tests of English and U.S. history and government," "USCIS will

send you a written decision about your application," and "A decision cannot yet be made about your application."

7.  More than one year has passed since the Plaintiff was examined by the DAO on his naturalization application. In that time, counsel has written to the CIS to request the status of Plaintiff's naturalization application at least six times. On each occasion, the CIS wrote that the case was still pending for "security checks."

8.  In a separate matter, on September 8, 2006, Plaintiff filed with the CIS a Form I-90 application to replace alien registration card. On March 16, 2007, Plaintiff provided to the CIS his biometric fingerprints. During the many months that Plaintiff's Form I-90 application remained pending before the CIS, counsel wrote to the government to request the status of that application. On each occasion, the CIS wrote that the application was still pending for "security checks."

9.  On February 1, 2008, the CIS informed Plaintiff that the security checks regarding the Form I-90 Application had been completed and that the application had been approved. In fact, on or about February 14, 2008, the Plaintiff received by mail his new permanent resident card, which is valid for ten years from date of issuance.

10. Given that Plaintiff's security clearance checks have been completed and that no negative information derived therefrom, and that the CIS has approved Plaintiff's Form I-90 Application and extended his lawful permanent residence for a period of ten years, it logically follows that the CIS should have already approved Plaintiff's N-400 Application for Naturalization.

11. Plaintiff has exhausted all his available administrative remedies.

12. Defendants' refusal to act in this case is, as a matter of law, arbitrary, and not in accordance with the law.

13. Plaintiff has been greatly damaged by the failure of the Defendants to act in accord with their duties under the law.

14. The Defendants, in violation of the Administrative Procedures Act, 5 USC 701, et seq., have unlawfully withheld or unreasonably delayed adjudicating Plaintiff's application for naturalization, and have failed to carry out the adjudicative and administrative functions delegated by law and regulation with regard to Plaintiff's case.

15. 8 USC §1447(b) provides this Court with jurisdiction to immediately adjudicate and approve Plaintiff's naturalization application. That section of law reads as follows:

> If there is a failure to make a determination under [8 USC §1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

16. Given that more than 120 days has passed since the date on which the CIS conducted Plaintiff's naturalization examination, the Defendants have lost, as a matter of law, jurisdiction to adjudicate the naturalization applications in this matter. ***Thus, as provided by statute, the U.S. District Court has sole jurisdiction to adjudicate this matter***.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Adjudicate and approve Plaintiff's naturalization application, and administer the full oath of allegiance as a U.S. citizen, pursuant to 8 USC 1448.

B. Order the Defendants to have their agents process this case to a conclusion;

C. Order that the Defendants pay reasonable attorney fees; and

D. Order other and further relief as it may deem proper under the circumstances.

DATED:     February 21, 2008

ALAN M. ANZAROUTH
Attorney for Plaintiff

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 147948     - SH
       * * C O P Y * *
       February 21, 2008
            16:31:49


         Civ Fil Non-Pris
    USAO #.: 08CV0344
    Judge..: JOHN A HOUSTON
    Amount.:            $350.00 CA



    Total-> $350.00



    FROM: ZNATCHKOWSKY V. PIERRE
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alexandre Znatchkowsky

**DEFENDANTS** '08 CV 344 DJAH NLS
Paul Pierre, Director, U.S. Citizenship and Immigration Services, Michael Chertoff, U.S. Secretary of Homeland Security, and

08 FEB 21 PM 4:24

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alan M. Anzarouth, 3111 Camino del Rio N., Suite 1325
San Diego, CA 92108    619-398-9390

Attorneys (If Known)
U.S. Attorney, 940 Front Street, San Diego, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 U.S. Code Section 1447(b)

Brief description of cause:
CIS has failed to adjudicate Plaintiff's naturalization application within 120 days after completing examination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 02/21/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 147948   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

SLL 2/21/08